**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES LEE ZOOK | : | |
| | : | |
| Appellant | : | No. 447 MDA 2024 |

Appeal from the Judgment of Sentence Entered February 15, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000915-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES LEE ZOOK | : | |
| | : | |
| Appellant | : | No. 448 MDA 2024 |

Appeal from the Judgment of Sentence Entered February 15, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000919-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES LEE ZOOK | : | |
| | : | |
| Appellant | : | No. 449 MDA 2024 |

Appeal from the Judgment of Sentence Entered February 15, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000925-2023

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JAMES LEE ZOOK | : | |
| Appellant | : | No. 450 MDA 2024 |

Appeal from the Judgment of Sentence Entered February 15, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000936-2023

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JAMES LEE ZOOK | : | |
| Appellant | : | No. 451 MDA 2024 |

Appeal from the Judgment of Sentence Entered February 15, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000938-2023

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JAMES LEE ZOOK | : | |
| Appellant | : | No. 452 MDA 2024 |

Appeal from the Judgment of Sentence Entered February 15, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000939-2023

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
:
JAMES LEE ZOOK :
:
Appellant : No. 453 MDA 2024

Appeal from the Judgment of Sentence Entered February 15, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000930-2023

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
:
JAMES LEE ZOOK :
:
Appellant : No. 454 MDA 2024

Appeal from the Judgment of Sentence Entered February 15, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000929-2023

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
:
JAMES LEE ZOOK :
:
Appellant : No. 455 MDA 2024

Appeal from the Judgment of Sentence Entered February 15, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000934-2023

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JAMES LEE ZOOK | : | |
| | : | |
| Appellant | : | No. 456 MDA 2024 |

Appeal from the Judgment of Sentence Entered February 15, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000935-2023

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JAMES LEE ZOOK | : | |
| | : | |
| Appellant | : | No. 457 MDA 2024 |

Appeal from the Judgment of Sentence Entered February 15, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000941-2023

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JAMES LEE ZOOK | : | |
| | : | |
| Appellant | : | No. 458 MDA 2024 |

Appeal from the Judgment of Sentence Entered February 15, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001090-2023

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                               :             PENNSYLVANIA
                                               :
                 v.                                :
                                             :
JAMES LEE ZOOK                       :
                                             :
               Appellant              :      No. 459 MDA 2024

Appeal from the Judgment of Sentence Entered February 15, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0000920-2023

BEFORE:  PANELLA, P.J.E., MURRAY, J., and KING, J.

MEMORANDUM BY KING, J.:               **FILED: DECEMBER 24, 2024**

Appellant, James Lee Zook, appeals from the judgment of sentence entered in the Lancaster County Court of Common Pleas, following his open guilty pleas at numerous criminal dockets to over three hundred counts of institutional sexual assault, over three hundred counts of indecent assault without consent, one count of indecent assault by forcible compulsion, and one count of disorderly conduct.[1]  We affirm and grant counsel's application to withdraw.

The relevant facts and procedural history of this case are as follows.  On September 25, 2023, Appellant entered an open guilty plea to the aforementioned crimes related to his abuse of residents at a facility for adults with mental or intellectual disabilities where Appellant had worked as a caretaker.  Following the preparation of a pre-sentence investigation ("PSI")

---

[1] 18 Pa.C.S.A. §§ 3124.2(a.6), 3126(a)(1) and (a)(2), and 5503, respectively.

report, the matter proceeded to sentencing on February 15, 2024. The court sentenced Appellant to an aggregate term of 13 years and 9 months to 28 years of incarceration. Appellant timely filed a post-sentence motion, which the court denied on February 26, 2024. On March 27, 2024, Appellant timely filed a notice of appeal. The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and Appellant timely complied.

Preliminarily, appellate counsel seeks to withdraw representation pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **See Santiago, supra** at 173-79, 978 A.2d at 358-61. "Substantial compliance with these requirements is sufficient." **Commonwealth v. Reid**, 117 A.3d 777, 781 (Pa.Super. 2015). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super. 2006). **See also Commonwealth v. Dempster**, 187 A.3d

266 (Pa.Super. 2018) (*en banc*).

In **Santiago, supra** our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor [**Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
> \* \* \*
>
> Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-179, 978 A.2d at 361.

Instantly, appellate counsel has filed an application to withdraw. The application states that counsel has reviewed the record and determined that there are no non-frivolous grounds for an appeal. Counsel subsequently sent

a copy of the **Anders** brief to Appellant. Counsel also provided Appellant with a letter explaining Appellant's right to retain new counsel or proceed *pro se* to raise any additional points Appellant deems worthy of this Court's attention.

In the **Anders** brief, counsel summarized the facts and procedural history of Appellant's case. The argument section of the brief cites to portions of the record that might arguably support Appellant's issue on appeal. Counsel also provides the reasons for her conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of **Anders** and **Santiago**. **See Reid, supra**.

Appellant has not responded to the **Anders** brief *pro se* or with newly retained private counsel. Counsel raises the following issue on Appellant's behalf:

> Should appellate counsel be granted leave to withdraw as counsel because any appellate issues in the instant case are frivolous?

(**Anders** Brief at 10).

On appeal, Appellant challenges the discretionary aspects of his sentence, contending that the imposition of consecutive sentences was manifestly excessive and an abuse of the court's discretion. "[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right." **Commonwealth v. Perzel**, 291 A.3d 38, 46 (Pa.Super. 2023), *appeal denied*, ___ Pa. ___, 301 A.3d 426 (2023). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four part analysis to determine: (1) whether

appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

In the non-*Anders* context, the defendant must preserve the issue in a court-ordered Pa.R.A.P. 1925(b) concise statement and a Pa.R.A.P. 2119(f) statement. Where counsel files an *Anders* brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether [an appellant's] issue is frivolous.

*Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa.Super. 2015) (citations omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa.Super. 2003). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa.Super. 2015) (*en banc*) (quoting *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa.Super. 2011)).

Bald claims of excessiveness based upon the imposition of consecutive

sentences do not raise substantial questions for our review. ***Caldwell, supra*** at 769. Rather, the decision to impose consecutive rather than concurrent sentences lies within the sound discretion of the trial court, and does not raise a substantial question unless the sentence is so "manifestly excessive in extreme circumstances that it may create a substantial question." ***Commonwealth v. Zirkle***, 107 A.3d 127, 133 (Pa.Super. 2014), *appeal denied*, 632 Pa. 671, 117 A.3d 297 (2015) (citation omitted). In such cases, we have focused on "whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct in this case." ***See id.*** at 133-34.

On the other hand, "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa.Super. 2014), *appeal denied*, 629 Pa. 636, 105 A.3d 736 (2014). ***See also Commonwealth v. Trimble***, 615 A.2d 48 (Pa.Super. 1992) (holding defendant's claim that court failed to consider factors set forth under Section 9721(b) and focused solely on seriousness of defendant's offense raised substantial question).

Here, Appellant timely filed a post-sentence motion and notice of appeal and preserved his sentencing issue in his Rule 1925(b) statement. Although Appellant did not include a Rule 2119(f) statement, we may overlook this deficiency in the context of an ***Anders*** brief. ***See Zeigler, supra***. Further, counsel concedes that Appellant's challenge to the imposition of consecutive

sentences does not present a substantial question. *See Caldwell, supra*; *Zirkle, supra*.

We note, however, that in his post-sentence motion, Appellant also claimed that his sentence was excessive because he had, at 69 years of age, essentially received a life sentence; that he had no prior criminal record; and that his decision to waive his preliminary hearing and to plead guilty evidenced an acceptance of responsibility for his actions. Therefore, to the extent that Appellant claims his sentence is excessive, in conjunction with his assertion that the court failed to properly consider his prior record of zero and evidence of remorse, he has arguably raised a substantial question for our review. *See Raven, supra*.

This Court reviews discretionary sentencing challenges based on the following standard:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, bias or ill-will.

*Commonwealth v. McNabb*, 819 A.2d 54, 55 (Pa.Super. 2003) (quoting *Commonwealth v. Hess*, 745 A.2d 29, 30-31 (Pa.Super. 2000)).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the

impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Additionally, "a court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa.Super. 2002), *cert. denied*, 545 U.S. 1148, 125 S. Ct. 2984, 162 L.Ed.2d 902 (2005). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Id.*

> ... Where the sentencing court had the benefit of a [PSI report], we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988). *See also Commonwealth v. Tirado*, 870 A.2d 362, 368 (Pa. Super. 2005) (stating if sentencing court has benefit of PSI, law expects court was aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors).

*Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa.Super. 2010).

At sentencing, the trial court noted that it had reviewed the sentencing guidelines, the PSI, letters from the victims or their representatives, and letters on behalf of Appellant. (*See* N.T. Sentencing, 2/15/24, at 23). The trial court emphasized the far-reaching consequences to the victims in the case, both personally, as well as for the future of the facility in which they had lived. (*See id.* at 24-25). The trial court further observed:

> The grooming behavior that takes place in these cases is so insidious, it never ceases to amaze me. And anybody who

thinks that if they were in an environment where something like this was happening, that somehow they would pick up on something or notice something that those who are don't, is just simply kidding themselves. Because that's the one thing, as I've said, I've done this for 19 years, I've presided over I don't know how many of these cases, I've seen all manner of things and it just is astounding to me how adept these perpetrators are at hiding these behaviors.

I've seen it from family members. I've seen it from people like [Appellant] who are in a position of care and trust. So for any of you folks that are employed at the facility that are feeling any guilt over not recognizing this sooner, I hope that that's some consolation to you. And I hope that all of the victims in this case, because it comes through again loud and clear in the letters, that there was at least at some point in this some feeling of guilt on their part, that somehow they had done something wrong, I hope that you folks that are able to deal with them moving forward are able to convince them rightfully that they had no role whatsoever in this. They put their trust in someone that they had every right to believe was someone they could trust. That trust was violated and that is solely the responsibility of [Appellant], nobody else.

(*Id.* at 25-26).

The trial court further explained in its opinion:

This court ordered and received a [PSI report], which has sufficiently informed it concerning the nature and circumstances of the offense, the characteristics of Appellant, and other relevant observations of Appellant's character prior to sentencing. … As Appellant pled guilty to all charges alleged in the … informations presented to this court, this court takes all alleged facts and actions of Appellant in those documents are true findings.

As discussed during the sentencing hearing, each charge of institutional sexual assault had a recommended sentence range of 3-12 months of incarceration under the edition of the guidelines at use. In applying the sentencing guidelines, courts have the discretion to consider and potentially sentence each charge supported by the facts of the case.

- 13 -

> Within the guidelines, an acceptable sentence for Appellant based upon all 342 charges could be any term between 85 years 6 months and 342 years.[2]  Indeed, if given evidence that this case is more than the "typical" case of the offense or if the information available to the court reflects poorly upon Appellant's character, this court could have the right to sentence Appellant to up to seven (7) years on each charge.  Appellant was informed of this maximum sentence when he entered his guilty pleas. …  While it is also within the court's discretion to be lenient with its sentence, a fundamental norm of the sentencing process to not reward criminals who commit large numbers of criminal offenses with "volume discounts" at sentencing.  It is well within courts' discretion when presented with these types of cases to apply their sentences consecutively, not concurrently.  As stated on the record, this court believes 1-2 years of incarceration, for each of Appellant's victims, is an appropriate sentence.

(Trial Court Opinion, 5/9/24 at 2-3) (unpaginated) (citations omitted).

The record reflects that the court had the benefit of a PSI report and considered the mitigating factors therein.  Thus, the record belies Appellant's claim that the court failed to consider any mitigating factors.  **See Moury, supra**; **Tirado, supra**.  Further, the court did not err or abuse its discretion when it imposed consecutive sentences despite Appellant's age.  As the court noted at the sentencing hearing and in its opinion, Appellant was in a position of power and trust over intellectually disabled adults and abused that trust

---

[2] We note that Appellant pled guilty at 14 underlying dockets, one of which where he entered a negotiated guilty plea.  Appellant challenges only the 13 underlying criminal dockets in which he entered open guilty pleas in this appeal.  At the docket not challenged in this appeal, CP-36-CR-0000940-2023, Appellant entered a negotiated guilty plea to one count of institutional sexual assault and one count of indecent assault without consent.  The court's discussion of 342 charges includes this additional docket not challenged on appeal.

over 600 times, with far-reaching and terrible ramifications. **See Commonwealth v. Radecki**, 180 A.3d 441, 468 (Pa.Super. 2018) (holding that defendant, who used his position as psychiatrist to commit crimes against vulnerable women, was not entitled to volume discount on sentence despite fact that he was 70 years old at time of sentencing). On this record, we see no reason to disrupt the court's sentencing discretion. **See McNabb, supra**.

Further, our independent review of the record does not reveal any additional, non-frivolous issues.[3] **See Palm, supra**. Accordingly, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw is granted.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/24/2024

_____

[3] Counsel also purports to challenge the voluntariness of Appellant's guilty pleas. Nevertheless, Appellant did not challenge his guilty pleas in his post-sentence motion or include that claim in his Rule 1925(b) statement. Accordingly, the claim is waived. **See Commonwealth v. Lincoln**, 72 A.3d 606 (Pa.Super 2013) (noting that defendant fails to preserve for appellate review claim that guilty plea was involuntary where defendant neither objected during plea colloquy nor filed post-sentence motion to withdraw plea). **See also Commonwealth v. Castillo**, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005) (stating: "[I]ssues not raised in a [Rule] 1925(b) statement will be deemed waived").